## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO CENTER ON LAW
AND POVERTY, SOUTHWEST ORGANIZING
PROJECT, SALINA BLEA, AUSTIN HIGHSPENCER,
and JOHN DAMIAN TURNER,

        Plaintiffs,

vs.                             No. CIV 14-0983 JB/KK

SIDONIE SQUIER, in her official capacity
as Secretary of the New Mexico
Human Services Department,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Expedited Motion to Alter or Amend Order, filed November 4, 2014 (Doc. 13)("Motion").  In the Motion, the Plaintiff's request the Court to alter or amend the Order, filed October 31, 2014 (Doc. 12)("Order").  Specifically, the Plaintiffs request the Court to alter or amend the sentence which states: "(iv) the Plaintiffs may refer to State Plan in state court, but only to argue that, in the rule making process, the Defendant did not make the State Plan available to the public."  Motion ¶ 1, at 1-2.  The Plaintiffs request that the Court alter or amend this sentence to state

> the Plaintiffs may refer to State Plan in state court, but only to argue that, in the rule making process, the Defendant did not make the State Plan available to the public, <u>and the Defendant promulgated state regulations that are vague and confusing because they contradict and/or conflict with the state plan</u>.

Motion ¶ 5, at 2-3 (emphasis in original).  Because the Court lacks jurisdiction to amend the Order, and because the language in the Order was not a clerical mistake or omission, the Court will deny the Order.

### LAW REGARDING REVIEWABILITY OF REMAND ORDER

Section 1447(d) of Title 28 of the United States Code prohibits a court from reviewing a remand order "on appeal or otherwise."  28 U.S.C. 1447(d).  This prohibition extends to the court reviewing its own remand orders, as well as to appellate courts reviewing the district court's orders.  The United States Court of Appeals for the Tenth Circuit has not yet ruled whether 28 U.S.C. § 1447 forecloses a district court's reconsideration of its own remand order, but numerous other courts have ruled that it does.  For instance, the United States Court of Appeals for the Eleventh Circuit has held that § 1447(d)'s provision of "nonreviewability extends to the power of a district court to reconsider its own remand order."  First Union Nat'l Bank v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997)(citations omitted).  The United States Court of Appeals for the Fourth Circuit remarked that, "[i]ndisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court."  In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996)(citations omitted).  See Three J Farms v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979)("Unquestionably, the statute[, § 1447(d),] not only forecloses appellate review, but also bars reconsideration of such an order by the district court.").  Similarly, the United States Court of Appeals for the First Circuit has ruled:

> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise."  The district court has one shot, right or wrong.

In re La Providencia Dev. Corp., 406 F.2d 251, 252-53 (1st Cir. 1969). The First Circuit explained the rationale behind this strict rule of nonreviewability:

> Removal . . . to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity.  The action must not ricochet back and forth depending upon the most recent determination of a federal court.

406 F.2d at 252.  Finally, at least three district courts in the Tenth Circuit -- including this Court -- have also found that they cannot review their own remand orders.  See Stark-Romero v. Nat'l R.R. Passenger Co., 763 F. Supp. 2d 1231, 1261 (D.N.M. 2011)(Browning, J.)("Because the Court cannot reconsider Chief Judge Vázquez' remand order, the Court will remand Stark-Romero's claims."); Maggio Enters. v. Hartford Cas. Ins. Co., 132 F. Supp. 2d 930, 931 (D. Colo. 2001)(Daniel, J.)("Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand."  (citations omitted)); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 67 F. Supp. 2d 1242, 1245 (D. Kan. 1999)(Vratil, J.)("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review."  (citations omitted)).  See also Consol. Doors, Inc. v. Mid-Am. Door Co., 120 F. Supp. 2d 759, 764 (E.D. Wis. 2000)(Callahan, M.J.)(noting the defendant's inability to find cases wherein "a court has reconsidered its remand order pursuant to Rule 60(b) [is] not difficult to discern," because "[t]here is a statute that deals explicitly with post-removal procedure[:] Title 28 U.S.C. § 1447(d)"); Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 510 (E.D. Va. 1992)(Smith, J.)("Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court.  Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.'"  (quoting Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d at 115)); City of Valparaiso v. Iron Workers Local Union 395, 118 F.R.D. 466, 468 (N.D. Ind. 1987)(Moody, J.)("[I]t is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind."  (citing New Orleans Pub. Serv., Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir. 1986); Boone Coal & Timber Co. v. Polan, 787 F.2d 1056, 1059-61

(6th Cir. 1986); <u>Pelleport Investors, Inc. v. Budco Quality Theatres</u>, 741 F.2d 273, 279 n.3 (9th Cir. 1984); <u>Three J. Farms, Inc. v. Alton Box Bd. Co.</u>, 609 F.2d at 115; <u>Fed. Deposit Ins. Corp. v. Santiago Plaza</u>, 598 F.2d 634, 636 (1st Cir.1969); 14A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 3739 (1985 & Supp. 1987); 1A J. Moore, J. Lucas & K. Sinclair, Jr., <u>Moore's Federal Practice</u> ¶ 0.169 [2.-1] (2d ed. 1987)).  But see <u>Long v. Am. Red Cross</u>, No. C2-92-566, 1992 WL 566292, at *4 (S.D. Ohio Oct 8, 1992)(noting that it could review its own non-final remand ruling without running afoul of § 1447(d), because "[t]hat prohibition against review . . . is directed toward appellate review" (citing <u>Thermtron Prods. v. Hermansdorfer</u>, 423 U.S. 336, 351-52 (1976)(holding that because the district court judge exceeded his statutorily defined power in remanding a properly removed case, § 1447(d) did not bar "issuance of the writ of mandamus," and clarifying that its holding did not disturb "the well-established general rule that § 1447(d) . . . [was] intended to forbid review by appeal or extraordinary writ of any order remanding a case on the grounds permitted by the statute"), <u>abrogated by</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996)).

The Court has previously concluded that § 1447(d) bars it from reviewing its remand orders.  In <u>Schoen v. Presbyterian Health Plan, Inc.</u>, Nos. CIV 08-0687 JB/WDS, 08-0970 JB/WDS, 2009 WL 2450277 (D.N.M. July 29, 2009)(Browning, J.), the removing defendant asked the Court to reconsider a prior order remanding a state administrative appeal to state court for lack of subject-matter jurisdiction.  <u>See</u> 2009 WL 2450277, at * 1.  The Court concluded "that, under § 1447(d), it does not have authority to reconsider its decision to remand for lack of subject-matter jurisdiction." <u>Schoen v. Presbyterian Health Plan, Inc.</u>, 2009 WL 2450227, at *2. In <u>Chaara v. Intel Corp.</u>, No. CIV 05-0278 JB/RLP, 2006 WL 4060670 (D.N.M. Nov. 21, 2006)(Browning, J.), the plaintiff sought reconsideration of the Court's order remanding some

claims back to state court.  See 2006 WL 4060670, at \*1-2.  The Court denied the motion to reconsider, both "[b]ecause the Court [did] not believe that Chaara [had] satisfied the standard required for granting a rule 59(e) motion to reconsider . . . , and because it appears that the Court is foreclosed from reconsidering its remand determination."  2006 WL 4060670, at \*6.

## LAW REGARDING RULE 60(a)

Under rule 60(a) of the Federal Rules of Civil Procedure, a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The Court may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).  "It is axiomatic that courts have the power and the duty to correct judgments containing clerical errors or judgments issued due to inadvertence or mistake."  Sec. Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1065 (10th Cir. 1980).  Rule 60(a) may be used to correct "what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record."  Allied Materials Corp. v. Superior Prods. Co., 620 F.2d 224, 225-26 (10th Cir. 1980).  "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect."  Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992).  Rather, a court's correction under rule 60(a) must "reflect the contemporaneous intent of the district court as evidenced by the record."  Burton v. Johnson, 975 F.2d at 694.  A correction should not require additional proof.  See McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989); Trujillo v. Longhorn Mfg. Co., 694 F.2d 221, 226 (10th Cir. 1982).  Rule 60(a) is not available to correct "something that was deliberately done" but "later discovered to be wrong."  McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682 (citations omitted).  See 12 Thomas D. Rowe, Jr., Moore's Fed. Practice -- Civil § 60.11(2)(b) at 60-38 (3d ed.

2013)("Although Rule 60(a) clearly reaches errors of omission, it will not reach an omission that accurately reflects what the court decided.").   "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another."   Wheeling Downs Race Track v. Kovach, 226 F.R.D. 259, 262 (N.D.W. Va. 2004)(Stamp, J.)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)).   "Under the Rule changes have been made in the judgment where the trial court recognized that they were necessary to correct an oversight or omission."   Sec. Mut. Cas. Co. v. Century Cas. Co., 621 F.2d at 1065 (citing Kelley v. Bank Bldg. & Equip. Corp., 453 F.2d 774, 778 (10th Cir. 1972)).   "[W]hile the appeal is pending [such mistakes] may be so corrected with leave of the appellate court."   Fed. R. Civ. P. 60(a).   See Copar Pumice Co. v. Morris, No. CIV 07-0079 JB/ACT, 2010 WL 4928966, at *6 (D.N.M. Oct. 25, 2010)(Browning, J.)(amending a final judgment, pursuant to the Tenth Circuit's leave, as required under rule 60(a) to amend an order after appeal, because the record before the Court made "'apparent that the court intended one thing but by mere[] clerical mistake or oversight'" did another, when the Court erroneously listed a particular defendant liable for damages to a plaintiff (quoting Wheeling Downs Race Track & Gaming Ctr. v. Kovach, 226 F.R.D. at 262)(citing Burton v. Johnson, 975 F.2d at 694)).

## ANALYSIS

It is unclear whether the Plaintiffs' Motion is intended to be a motion to reconsider the Order or whether the Plaintiffs intended the Motion to be a motion to correct a clerical mistake in the Motion.   If the Motion is intended to be a motion to reconsider, the Court lacks jurisdiction; if the Motion is intended to be a motion to correct a clerical mistake, the wording in the Order was not a clerical mistake.   Either way, the Court will deny the Motion.

I.       **THE COURT LACKS JURISDICTION TO RECONSIDER THE ORDER.**

"The Federal Rules of Civil Procedure do not recognize a motion to reconsider." Delgado v. Guiterrez, No. CIV 12-0808 JB/ACT, 2014 WL 1957705, at *3 (D.N.M. Apr. 30, 2014)(Browning, J.).  Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to rule 59(e) or a motion seeking relief from the judgment pursuant to rule 60(b) of the Federal Rules of Civil Procedure.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  No matter how the Motion is characterized under the Federal Rules of Civil Procedure, after the Court remanded the case back to state court, 28 U.S.C. § 1447(d) precludes the Court from reconsidering the Order.  See First Union Nat'l Bank v. Hall, 123 F.3d at 1377; In re Lowe, 102 F.3d at 734; Stark-Romero v. Nat'l R.R. Passenger Co., 763 F. Supp. 2d at 1261; Maggio Enters. v. Hartford Cas. Ins. Co., 132 F. Supp. 2d at 931.  If the Motion is a request for the Court to reconsider the ruling in the Order, the Court will deny the Motion because it lacks jurisdiction to do so.

II.      **THE COURT'S LANGUAGE WAS NOT A CLERICAL MISTAKE.**

Rule 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a).  Rule 60(a) may not be used to clarify a judgment because the original was incorrect, see Burton v. Johnson, 975 F.2d 690, 694, nor may it be used to change the Court's deliberate action, see McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682.  The Court's language in the Order was not a "clerical mistake or a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a).

At the hearing on October 31, 2014, the Court stated the parties' stipulation as follows:

> In this case, brought by the New Mexico Center on Law and Poverty versus . . . Squier . . . , which has been removed, the parties have agreed to . . . dismissal without prejudice of any federal claims in this case, and the parties have stipulated that this case does not include, as I remand it back to state court, any challenge

under federal law to the state plan.  The state plan can be referenced in the case below, but the Plaintiffs agree to not make any argument that the state plan in this case is inconsistent with federal law or that it was required to be made public by federal law.  The . . . Plaintiffs' arguments will be restricted to state claims, including State [Administrative Procedures Act, N.M. Stat. Ann. § 12-8-1], state [Human Services Department Act, N.M. Stat. Ann. § 9-8-1], and state Due Process[, N.M. Const. art. II, § 18,] claims, and the state plan will not be challenged substantively in this case.

Recording of Hearing at 27:19-28:39 (taken October 31, 2014)("Rec.")(Court).  The Court asked the Plaintiffs if it "correctly state[d the stipulation] from the Plaintiffs' standpoint," and the Plaintiffs responded, "Yes, your Honor."  Rec. at 28:38-40 (Evans, Court).  Later during the hearing, in response to the Defendant's preemption concerns, the Court stated: "The only thing [the Plaintiffs] are going to argue is that under state law you had to make the state plan public. That's it.  That's the only issue related to the state plan in this case, and they're saying under state law -- not under federal law."  Rec. at 33:11-28 (Court).  The Defendant responded by saying: "If the sentence you just said is what's in the order, I think that [the New Mexico Human Services Department] will concede to go back to state court."  Rec. 33:37-43 (Bruce).  The Court then addressed the Plaintiffs and asked: "Ms. Evans, can you live with that sentence as a stipulation from the parties here," to which the Plaintiffs responded: "Yes, your Honor."  Rec. at 33:45-50 (Evans, Court).

The language in the Order was not a clerical mistake or omission.  Its language was intentional, as this stipulation was specifically secured to assure that the Plaintiff would not raise any arguments in this case that would require the Defendant to argue federal preemption of state law in this case, thus potentially triggering federal jurisdiction over the case.  Those arguments, or potential arguments, would be left for another day and possibly another case.  Given that the Court's language was intentional, the Court cannot properly reconsider the Order or amend the language pursuant to rule 60(a).  See McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682.

**IT IS ORDERED** that the Expedited Motion to Alter or Amend Order, filed November

4, 2014 (Doc. 13), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel Yohalem
Santa Fe, New Mexico

-- and --

Gail J. Evans
Sovereign Hager
New Mexico Center on Law and Poverty
Albuquerque, New Mexico

   *Attorneys for Plaintiff New Mexico Center on Law and Poverty*

Natalie A. Bruce
Christopher P. Collins
New Mexico Human Services Department
Santa Fe, New Mexico

   *Attorneys for the Defendant*